**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **LINWOOD WILLIAMS,** | * | |
| **Plaintiff,** | * | |
| | * | **Civ. No. MJM-25-0464** |
| **v.** | * | |
| **PROGRESSIVE INSURANCE COMPANY, *et al.*,** | * | |
| **Defendants.** | * | |

* * * * * * * * * *

**MEMORANDUM OPINION**

Self-represented plaintiff Linwood Williams ("Plaintiff") filed this civil action against defendants Progressive Insurance Company ("Progressive"), Brian Pallis, and Frank Montecalvo, alleging injuries stemming from an auto incident and subsequent treatment by law enforcement and the insurance company. Now pending before the Court are Plaintiff's motion for summary judgment (ECF No. 12), motion for default judgment against Montecalvo (ECF No. 15), motion for reconsideration of the Court's Order of January 28, 2026 (ECF No. 16), and motion for sanctions and other relief against Progressive (ECF No. 17). Additionally, Montecalvo filed a motion to dismiss (ECF No. 24), and Progressive and Pallis filed a second motion to dismiss (ECF No. 26). For reasons explained herein, the Court shall deny each of Plaintiff's motions and grant the defendants' motions to dismiss.

## I. FACTUAL BACKGROUND

Plaintiff alleges that he was involved in an auto accident in York, Pennsylvania on February 20, 2023, and suffered various physical injuries, which required three days of hospitalization. ECF No. 1 (Compl.) at 1. On or around March 28, 2023, State Trooper Frank Montecalvo filed a DUI and lane changing complaint against Plaintiff, claiming that Plaintiff refused a breath-analysis test at the hospital. *Id.* Hospital records show that Plaintiff was incoherent and verbally non-responsive during the time that Montecalvo claimed he spoke to Plaintiff. *Id.* Montecalvo gave an inaccurate physical description of Plaintiff in his complaint, describing Plaintiff as having black hair and brown eyes, when in truth Plaintiff is bald and has green eyes. *Id.* Montecalvo also omitted information about the vehicle crash, describing Plaintiff as the sole cause of the incident, rather than the victim of a rear-end collision, in which the other driver was traveling in excess of 70 miles per hour. *Id.* at 2, 3.

Plaintiff filed an insurance claim with Progressive. *Id.* at 2. Brian Pallis, a Progressive insurance adjuster, closed the claim due to Plaintiff's failure to send requested documents. *Id.* When Plaintiff attempted to reopen his claim in June 2024, "Pallis asserted that the claim could not be reopened" and cited a two-year statute of limitations for Plaintiff to file suit. *Id.* According to Plaintiff, "Pallis recently admitted that Plaintiff could in fact reopen his claim." *Id.*

## II. PROCEDURAL HISTORY

Plaintiff filed the Complaint on February 13, 2025, asserting counts for negligence, bad faith, and intentional infliction of emotional distress ("IIED") against Progressive and Pallis, and defamation and IIED against Montecalvo. ECF No. 1. Progressive and Pallis filed a motion to dismiss on September 16, 2025. ECF Nos. 4, 6. On September 17, the Clerk of the Court mailed Plaintiff a Rule 12/56 notice, alerting him of his right to file a response to Progressive and Pallis's

motion to dismiss within 28 days. ECF No. 5. Plaintiff filed his response on September 30, ECF No. 8, and, on December 15, filed a motion to strike Progressive and Pallis's motion to dismiss for failure to properly serve Plaintiff, ECF No. 9. Progressive and Pallis filed a timely response in opposition to Plaintiff's motion. ECF No. 10. On January 22, 2026, Plaintiff filed a motion for partial summary judgment against Progressive and Pallis, ECF No. 12, as well as a motion to strike "Defendants' Motion for Summary Judgment," ECF No. 13, although no defendant has filed any summary judgment motion in this matter. On January 23, Plaintiff filed a motion for default judgment against Montecalvo. ECF No. 15.

On January 28, 2026, this Court issued an Order granting in part Progressive and Pallis's motion to dismiss, dismissing Plaintiff's negligence count, denying Plaintiff's motions to strike, and directing Plaintiff to submit service-of-process forms to facilitate service on Montecalvo through the U.S. Marshals Service. ECF No. 14. On February 9, Plaintiff filed a motion for reconsideration of the Court's Order, ECF No. 16, as well as a motion for sanctions and other relief against Progressive, ECF No. 17. On February 23, Progressive and Pallis filed an opposition to Plaintiff's motions for summary judgment, reconsideration, and sanctions. ECF No. 19. On March 9, Plaintiff filed a reply to Progressive and Pallis's opposition, ECF No. 21, as well as a "supplemental argument for judicial estoppel" from Progressive making certain arguments as to liability, ECF No. 22.

A summons was issued to Montecalvo on February 17, 2026, ECF No. 18, and was returned executed on February 26, ECF No. 20. On March 17, Montecalvo filed a motion to dismiss, ECF No. 24, and, on April 2, Progressive and Pallis filed a second motion to dismiss, ECF No. 26. Within a day of each motion, the Clerk of the Court mailed a Rule 12/56 notice to Plaintiff, alerting

of his right to respond to the motion within 28 days, ECF Nos. 25, 27. Plaintiff has not filed a response to either pending motion to dismiss.

## III. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff has moved for default judgment against Montecalvo. ECF No. 15. He argues that because Montecalvo "failed to answer, move, or otherwise defend [against the Complaint] within the time prescribed by Rule 12(a)," and because "[n]o extension of time was requested or granted," Montecalvo is in default under Rule 55(a). *Id.* at ¶¶ 3–5; *see also id.* at 8 ("[Montecalvo] failed to plead or otherwise defend after proper service.").

Plaintiff's motion for default judgment is denied. Default judgment against a party against whom a judgment for affirmative relief is sought is due when that party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a); *see also Worsham v. Travel Options, Inc.*, 678 Fed. Appx. 165 (4th Cir. 2017) ("Pursuant to Fed. R. Civ. P. 55(a), when a party against whom judgment is sought has failed to plead, the clerk must enter the party's default."). But default judgment can only be entered once the defendant against whom judgment is sought has been properly served. *United States v. Cihn N. Le, DDS, LLC*, Civ. No. BAH-24-2159, 2026 WL 2593714, at *3 (D. Md. Sept. 2, 2026) (citation omitted); *see also Md. State Firemen's Ass'n v. Chavez*, 166 F.R.D. 353, 354 (D. Md. 1996) (noting that "[i]t is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or default judgment may be entered against a defendant").

Contrary to Plaintiff's statement in his default judgment motion, ECF No. 15 at ¶ 2, service of process against Montecalvo does not appear to have been effected as of the date of that motion. Plaintiff filed his default judgment motion on January 23, 2026. As noted in the Court's Order of January 28, 2026, on that date, "there [was] no proof that defendant Frank Montecalvo [had] been

served with process in this matter." ECF No. 14 at 4. The docket indicates that Montecalvo was not served process until February 21, 2026. ECF No. 20. Montecalvo then filed a motion to dismiss for failure to state a claim. ECF No. 24. On this record, the Court cannot find that Montecalvo "has failed to . . . defend" against the claims asserted against him in this action. Fed. R. Civ. P. 55(a). Moreover, the Fourth Circuit has expressed "a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preportory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). A default judgment against Montecalvo would be clearly improper.

Because Montecalvo had not been properly served at the time of Plaintiff filed a motion for default judgment against him, and he filed a motion to dismiss after he was served, Plaintiff's motion for default judgment is denied.

## IV. PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff has moved for reconsideration of the Court's Order of January 28, 2026, ECF No. 14 (the "January Order"), under Federal Rule of Civil Procedure 59(e) or, "[a]lternatively," Rule 60(b)(1) and 60(b)(6). ECF No. 16. In the January Order, the Court partially granted the first motion to dismiss filed by Progressive and Pallis, dismissed Plaintiff's negligence claim against these defendants, and denied "Plaintiff's Rule 5 Rebuttal to Defendants' Assertion of Electronic Service and Motion to Strike or Deny Defendants' Motion for Summary Judgment." *See* ECF No. 14 at 3–6. Plaintiff argues that the Court's Order "rests on a clearly erroneous factual assumption [that Plaintiff received a copy of Defendants' motion to dismiss], is unsupported by any proof of service, and misapplies Federal Rule of Civil Procedure 5, particularly the rule governing electronic service and consent." ECF No. 16 at 3.

Progressive and Pallis oppose Plaintiff's motion, arguing that "[n]one of Plaintiff's responses address the substantive issues in Defendants' Motion to Dismiss multiple months later including the Plaintiff's Motion for Reconsideration." ECF No. 19 at 2.

"As a threshold matter, Plaintiff's motions are not properly brought under Federal Rules of Civil Procedure 59 and/or 60. Rules 59(e) and 60(b) do not apply to interlocutory orders." *Menk v. Mitre Corp.*, No. 1:23-CV-00053-JRR, 2025 WL 1919941, at *1 (D. Md. July 11, 2025) (citing *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003)). "Orders 'that adjudicate[] fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Id.* at *1 (quoting Fed. R. Civ. P. 54(b)). The January Order "which the instant motion[] challenge[s] did not adjudicate all claims, rights, and liabilities of the parties. The motion[] will, therefore, be assessed under Rule 54(b)." *Id.* at *1 (citing *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)).

It is well established that "a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n*, 326 F.3d at 514–15. "A motion for reconsideration of an interlocutory order is 'not subject to the strict standards applicable to motions for reconsideration of a final judgment' under Rules 59(e) and 60(b)." *Menk*, 2025 WL 1919941, at *1 (quoting *Am. Canoe Ass'n*, 326 F.3d at 514). Whether to reconsider and modify an interlocutory order under Rule 54(b) "is committed to the discretion of the district court[.]" *Id.* at 515. "[A] court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th

Cir. 2017) (quoting *Am. Canoe Ass'n*, 326 F.3d at 515). The court may also "look[] to the standards applicable to relief afforded under Rules 59(e) and 60(b) for guidance in considering Rule 54(b) motions." *Menk*, 2025 WL 1919941, at *1 (citing *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018)). The proper goal "is to reach the correct judgment under law." *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 618–19 (D. Md. 2013) (citation omitted).

In considering Plaintiff's motion for reconsideration, the Court notes both that it "must liberally construe the claims of *pro se* litigants," *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (citing *Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam)), but "the 'special judicial solicitude' with which a district court should view . . . *pro se* [filings] does not transform the court into an advocate[,]" *id.* (*quoting Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir.1990)).

The Court finds reconsideration of the January Order to be unjustified. Plaintiff identifies no intervening change in controlling law or persuasive authorities. Nor does Plaintiff identify any previously unavailable evidence. Instead, Plaintiff mainly urges the Court to reconsider the January Order on two grounds: first, to correct an "erroneous factual assumption" that Plaintiff received a copy of Defendants' motion to dismiss; and second, to correct the January Order's "misappli[cation]" of Federal Rule of Civil Procedure 5. ECF No. 16 at 3. Plaintiff also urges the Court to reconsider the January Order "to prevent manifest injustice." *Id.* at 4.

Even if the Court made a factual error as to Plaintiff's receipt of Defendant's motion to dismiss and misapplied Federal Rule of Civil Procedure 5, the Court's January Order would still stand. To the extent Plaintiff challenges the dismissal of his negligence claim against Progressive and Pallis, that claim would be subject to dismissal regardless of whether Plaintiff ever received a

mailed copy of Progressive and Pallis's 12(b) motion to dismiss. As noted in the January Order, Plaintiff's negligence claim would be subject to dismissal *sua sponte*, with or without a Rule 12(b) motion. *See Nix v. NASA Fed. Credit Union*, 200 F. Supp. 3d 578, 586 (D. Md. 2016) (citing *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 n. 10 (4th Cir.2006)) ("A district court may *sua sponte* dismiss a complaint for failure to state a claim[.]").

Plaintiff more plainly requests reconsideration of the Court's denial of Plaintiff's "Motion to Strike or Deny Defendants' Motion for Summary Judgment." Reconsideration is denied. As the Court found in its January Order, "no defendant has filed any motion for summary judgment, so there is no such motion to 'strike or deny.'" ECF No. 14 at 4. Accordingly, the Court finds no error in fact or law, no risk of manifest injustice, nor any other cause for the Court to reconsider the January Order.

Plaintiff's motion for reconsideration is denied.

## V. PLAINTIFF'S MOTION FOR SANCTIONS AND OTHER RELIEF

Plaintiff moves for sanctions against Progressive, arguing that it concealed a material admission of liability while simultaneously filing dispositive motions seeking dismissal of Plaintiff's claims. ECF No. 17. Plaintiff argues that Progressive's conduct violates Federal Rules of Civil Procedure 26(e), 37(c)(1), 56(g), and 60(b)(3), and warrants sanctions, evidentiary preclusion, and reconsideration of the January Order to prevent manifest injustice. *Id.* at 2.

Plaintiff's motion for sanctions and other relief is denied. "Unless otherwise ordered by the Court, discovery may not begin until the parties have held a discovery conference and a scheduling order has been issued." *Briggs v. T & D Plumbing & Heating Co.*, Civ. No. WDQ-10-2714, 2011 WL 2970845, at *2 (D. Md. July 19, 2011). Federal Rule of Civil Procedure 26(f) generally requires the parties to confer and develop a proposed discovery plan before discovery begins. Local

Rule 104.4 (D. Md. Dec. 1, 2025) provides that, "[u]nless otherwise ordered by the Court or agreed upon by the parties, the conference of counsel required by Fed. R. Civ. P. 26(f) need not take place and discovery shall not commence and disclosures need not be made until a scheduling order is entered." No scheduling order has been issued in this case, and the Court has not otherwise directed the parties to conduct a Rule 26(f) conference. While a court may order expedited discovery before a Rule 26(f) conference, this Court has not done so in this case. *See* Fed. R. Civ. P. 26(d). Accordingly, Progressive has been under no obligation to produce discoverable material. Because discovery has not yet commenced in this action, sanctions or any other relief for an alleged failure to disclose material facts is unwarranted. Plaintiff's motion for sanctions is denied.

## VI. PROGRESSIVE AND PALLIS'S MOTION TO DISMISS

Following dismissal of Plaintiff's negligence count, the remaining counts asserted in his Complaint against Progressive and Pallis are: (1) a count against Pallis for "misdirect[ing] Plaintiff in the claim process and negotiat[ing] in bad faith with the intent of causing the statu[t]e of limitation for filing a claim to expire"; (2) a count against both defendants for intentional infliction of emotional distress. Compl. at 2–3. Progressive and Pallis move to dismiss Plaintiff's Complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). For reasons explained below, the motion is granted.

### A. Standard of Review

A motion to dismiss under Rule 12(b)(6) constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule is to "give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). To survive a Rule 12(b)(6) motion, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need not include "detailed factual allegations" to satisfy Rule 8(a)(2), but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555–56 (internal quotation marks omitted). Furthermore, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* "[T]ender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (third alteration in *Iqbal*).

When considering a motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A court decides whether [the pleading]

standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" the defendant's liability for the alleged wrong and the plaintiff's entitlement to the remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

"[*P*]*ro se* filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (second alteration in original) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). "[L]iberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff,' but only to determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still must contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted) (quoting *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016)).

**B. Bad Faith**

Progressive and Pallis argue that Plaintiff's bad faith count against Pallis should be dismissed because (1) there were no allegations of "bad faith" in the Complaint; (2) plaintiffs are required to file bad faith claims with the Maryland Insurance Administration before filing suit; and (3) Progressive was not Plaintiff's insurance company and owes Plaintiff no duty. ECF No. 26. at 3–4. Plaintiff filed no response to Progressive and Pallis's motion and therefore concedes the

arguments asserted therein. *See Brown v. Unifirst Corp.*, No. 1:25-CV-02200-JRR, 2026 WL 642987, at *1 (D. Md. Mar. 7, 2026).

Although Plaintiff does not identify any statute or specific cause of action through which he brings his claim for relief against Pallis for "misdirect[ing] Plaintiff . . . and negotiat[ing] in bad faith," Compl. at 2, the Court may liberally construe the claim as sounding in tort, *see Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) ("[courts] construe allegations in a pro se complaint liberally"); *Bates v. United States Env't Prot. Agency*, No. 5:24-CV-00058, 2025 WL 2734570, at *3 (W.D. Va. Sept. 25, 2025) ("Because courts must liberally construe pro se complaints, . . . the court construes [Plaintiff's] complaint as . . . asserting a tort claim . . . .") (citation omitted); *Stoltie v. Cnty. of Anderson*, No. 8:21-CV-3876-TMC-PJG, 2022 WL 1217475, at *5 (D.S.C. Feb. 8, 2022), *report and recommendation adopted*, 2022 WL 1217383 (D.S.C. Apr. 25, 2022) ("Plaintiff's self-styled claim is not a recognizable legal cause of action, but the court liberally construes the Complaint as raising a state law tort claim . . . .") (citation omitted); *Normand v. Reynolds*, No. 5:13-CV-222-F, 2013 WL 2467987, at *3 (E.D.N.C. June 7, 2013) ("While Plaintiff does not specifically identify the nature of his cause of action, from a fair reading of the complaint, it appears Plaintiff's allegations sound in state tort law . . . .") (citation omitted).

Under Maryland law, a bad faith tort claim against an insurer may only be brought by a first-party claimant—the insured. *See Moye v. Avis Budget Grp.*, Civ. No. TDC-14-2714, 2015 WL 410515, at *4 (D. Md. Jan. 27, 2015) (citing *Mesmer v. Md. Auto. Ins. Fund*, 725 A.2d 1053, 1061–62 (Md. 1999)). "The basis for the insurer's tort duty to the insured arises from the insurer's exclusive control of settlement and defense of any claim or suit against the insured, such that there is a potential, if not actual, conflict of interest giving rise to a fiduciary duty." *Id.* (citing *Mesmer* 725 A.2d at 1063) (internal quotation marks omitted).

Here, Plaintiff's "bad faith" count fails because the Complaint contains no allegations that Plaintiff was insured by Progressive, and the Court cannot read those allegations into the Complaint.[1] *See, e.g.*, *Zaman v. Cmty. Coll. of Baltimore Cnty.*, Civ. No. JKB-17-3584, 2018 WL 1811520, at *2 (D. Md. Apr. 17, 2018) ("[T]he Court is not an advocate for a pro se litigant, and the Court cannot assume, or invent, facts outside the record in order to patch together a viable claim for a *pro se* plaintiff."). Accordingly, Plaintiff's "bad faith" count against Pallis is dismissed without prejudice.

**C. Intentional Infliction of Emotional Distress**

Progressive and Pallis argue that the Complaint fails to allege any of the four elements of IIED. ECF No. 26 at 2–3. Again, Plaintiff did not file a response to the motion and therefore concedes failure to state an IIED claim. *See Brown*, 2026 WL 642987, at *1.

"When sitting in diversity, a federal court follows the choice-of-law rules of the forum state." *Doe v. AE Outfitters Retail Co.*, Civ. No. WDQ-14-508, 2015 WL 9255325, at *3 n.12 (D. Md. Dec. 17, 2015) (citing *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 497 (1941)). Maryland follows the *lex loci delicti* choice-of-law rule, under which "[the] substantive rights of the parties . . . are to be determined by the law of the state in which the alleged tort took place." *Id.* (quoting *Philip Morris, Inc. v. Angeletti*, 752 A.2d 200, 230 (Md. 2000) (citation omitted)). "Under [the *lex loci delicti*] doctrine 'where the events giving rise to a tort action occur in more than one State, [courts] apply the law of the State where the injury—the last event required to constitute the tort—occurred.'" *Whittman v. Penske Auto. Grp., Inc.*, No. 1:21-CV-03156, 2022 WL 17812655, at *2

[1] In its Second Motion to Dismiss, Progressive disclaims any insurer-insured relationship between itself and Plaintiff. ECF No. 26 at 4 ("Again, Plaintiff fails to state how Progressive specifically acted in bad faith since they were NOT his own insurance company and owe him no duty.") (emphasis in original).

(D. Md. Dec. 16, 2022) (second alteration in original) (quoting *Lab. Corp. of Am. v. Hood*, 911 A.2d 841, 845 (Md. 2006)).

While the Court is unaware of any cases expressly applying Maryland law to the question of where alleged IIED takes place for choice-of-law purposes, Virginia also follows *lex loci delecti*, and our sister court in the Eastern District of Virginia has addressed the issue. *See Cockrum v. Donald J. Trump for President, Inc.*, 365 F. Supp. 3d 652, 665–67, 671 (E.D. Va. 2019), *appeal dismissed*, No. 19-1398, 2019 WL 5152518 (4th Cir. July 5, 2019). The *Cockrum* court first found that "a proper application of *lex loci* requires a tort-by-tort analysis of when a tort is alleged to have been completed to determine the place of the wrong." 365 F. Supp. 3d at 667. Applying this analysis, the *Cockrum* court then examined the elements of IIED to determine the place of the wrong. Under Maryland law, to prove an IIED claim, Plaintiff must show that "[defendant's] conduct was intentional or reckless; the conduct was extreme and outrageous; a causal connection between the wrongful conduct and the emotional distress; and that the emotional distress was severe." *Burgess v. Goldstein*, 997 F.3d 541, 554 n.5 (4th Cir. 2021) (citing *Harris v. Jones*, 380 A.2d 611, 614 (Md. 1977)). The elements are the same under Virginia law. *See Supervalu, Inc. v. Johnson*, 666 S.E.2d 335, 343 (Va. 2008) (citations omitted).[2] "Based on these elements, the tort of IIED is complete when a plaintiff experiences severe emotional distress." *Cockrum*, 365 F. Supp. 3d at 671.

Here, Plaintiff does not specifically allege *where* or *when* he experienced emotional distress arising from Progressive or Pallis's conduct relating to Plaintiff's insurance claim, but there is no reason for the Court to suspect that it happened anywhere other than Maryland. Even considering

[2] The elements of IIED are functionally the same under Pennsylvania law, as well. *See Fargione v. Sweeney*, Civ. No. 16-5878, 2017 WL 4283955, at *5 (E.D. Pa. Sept. 27, 2017) (subsuming causation into another element of the tort) (citation omitted); *see also Manley v. Fitzgerald*, 997 A.2d 1235 (Pa. Commw. Ct. 2010) (same) (citation omitted).

the fact that the auto accident occurred in Pennsylvania and assuming he was hospitalized there, Maryland is Plaintiff's state of residence, where he presumably returned after his hospitalization, and where he was probably located while communicating with Progressive and Pallis, including the denial of his insurance claim. *Cf. Whittman*, 2022 WL 17812655, at *2–3 (determining—in a non-IIED tort action—that a denial of insurance coverage caused Plaintiff harm in the state of Plaintiff's residence). The Court will therefore apply Maryland substantive law to Plaintiff's IIED claim.

As stated above, to prove an IIED claim under Maryland law, Plaintiff must show that "[defendant's] conduct was intentional or reckless; the conduct was extreme and outrageous; a causal connection between the wrongful conduct and the emotional distress; and that the emotional distress was severe." *Burgess*, 997 F.3d at 554 n.5. The Maryland Supreme Court has recognized that a defendant's conduct is intentional or reckless where "he desires to inflict severe emotional distress, and also where he knows that such distress is certain, or substantially certain, to result from his conduct; or where the defendant acts recklessly in deliberate disregard of a high degree of probability that the emotional distress will follow." *Harris*, 380 A.2d at 614. *See also Kentucky Fried Chicken Nat. Mgmt. Co. v. Weathersby*, 607 A.2d 8, 11–12 (Md. 1992).

Whether the conduct complained of is extreme and outrageous is, in the first instance, for the court to determine. *Batson v. Shiflett*, 602 A.2d 1191, 1216 (Md. 1992). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Kentucky Fried Chicken Nat. Mgmt. Co.*, 607 A.2d at 11 (quoting Restatement (Second) of Torts § 46 cmt. d (1965)). "To be actionable, the conduct relied upon in this case 'must strike to the very core of one's being, threatening to shatter the frame upon which

one's emotional fabric is hung.'" *Robinson v. Cutchin*, 140 F. Supp. 2d 488, 494 (D. Md. 2001) (quoting *Hamilton v. Ford Motor Credit Co.*, 502 A.2d 1057, 1064 (Md. Ct. Spec. App. 1986), cert. denied, 507 A.2d 631 (1986)).

Plaintiff does not allege that either Progressive or Pallis acted intentionally or recklessly to inflict emotional distress upon him. Nor does Plaintiff allege outrageous, extreme, or intolerable conduct by Progressive or Pallis. Therefore, the Court shall dismiss Plaintiff's IIED claim against Progressive and Pallis.

## VII. MONTECALVO'S MOTION TO DISMISS

In the Complaint, Plaintiff asserts counts against Montecalvo for defamation and IIED. Compl. at 3. Montecalvo moves to dismiss these claims based on sovereign immunity, which would deprive this Court of jurisdiction to hear Plaintiff's claims. *See Perkins v. Univ. of Md., Balt. Sch. of Nursing*, Civ. No. RDB-24-1688, 2025 WL 1371486, at *3 (D. Md. May 12, 2025) (quoting *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018)) ("[Sovereign immunity] deprives federal courts of jurisdiction to hear claims."). The motion shall be granted.

### A. Standard of Review

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. "The plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction." *Mayor of Balt. v. Trump,* 416 F. Supp. 3d 452, 479 (D. Md. 2019). "Dismissal for lack of subject matter jurisdiction is appropriate, however, 'only if the material jurisdictional facts are not in dispute' and the defendant is 'entitled to prevail as a matter of law.'" *Maynor v. Mt. Wash. Pediatric Hosp.*, 93 F.

Supp. 3d 434, 437 (quoting *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999)).

**B. Sovereign Immunity**

Montecalvo argues that he is entitled to sovereign immunity with respect to the claims against him because Plaintiff sues him for acts within the scope of his employment and official duties as state law enforcement officer. ECF No. 24 at 2. Plaintiff has filed no response to Montecalvo's motion and therefore concedes his argument for dismissal. *See Brown*, 2026 WL 642987, at *1.

As discussed in Part VI.C, *supra*, "[w]hen sitting in diversity, a federal court follows the choice-of-law rules of the forum state[,]" and Maryland follows the *lex loci delicti* choice-of-law rule, under which "[the] substantive rights of the parties . . . are to be determined by the law of the state in which the alleged tort took place." *AE Outfitters Retail Co.*, 2015 WL 9255325, at *3 n.12. The location of the tort is the location of the harm, and, in defamation cases, the location of the harm is the place of publication of the defamatory statements. *McGaw v. Biovail Pharms., Inc.*, 300 F. Supp. 2d 371, 374 (D. Md. 2004) (citing *Yang v. Lee,* 163 F.Supp.2d 554, 561 (D. Md. 2001)). The Court infers from Plaintiff's allegations that Montecalvo's actions and statements against him were made in Pennsylvania, the location of the auto accident to which Montecalvoresponded. Compl. at 1–2. Because "[Plaintiff's] injuries occurred in . . . Pennsylvania[,] . . . Pennsylvania law applies." *AE Outfitters Retail Co.*, 2015 WL 9255325, at *3 n.12; *see also Bellotte v. Edwards*, 388 F. App'x 334, 338 (4th Cir. 2010) (applying *lex loci delicti* to apply the law of the location of the injury to a claim for intentional infliction of emotional distress).

Under Pennsylvania law, "state employees acting within the scope of their employment are entitled to sovereign immunity from most state-law claims[,]" except for "ten narrow areas involving negligence." *Frazier v. Adams*, No. 2:25-CV-00737, 2026 WL 173476, at *3 (W.D. Pa. Jan. 5, 2026), *report and recommendation adopted*, 2026 WL 163049 (W.D. Pa. Jan. 21, 2026); *see also* 42 Pa. Stat. and Cons. Stat. Ann. § 8522. The exceptions do not include intentional torts like defamation and IIED. *Boone v. Pennsylvania Off. of Vocational Rehab.*, 373 F. Supp. 2d 484, 495 (M.D. Pa. 2005) (citing *Pickering v. Sacavage,* 642 A.2d 555, 559–60 (Pa. 1994)).

Montecalvo is entitled to sovereign immunity for the intentional tort claims against him, so long as they fall within the scope of his employment. They do. Plaintiff sues Montecalvo for filing a criminal complaint against him containing alleged falsehoods, inaccuracies, and omissions. *See* Compl. at 1–3. It is "[w]ithout question" that "a police officer's acts of investigating criminal conduct, filing criminal charges, and arresting individuals suspected to have committed crimes are within the scope of his employment." *Brazil v. Scranton Sch. Bd.*, No. 3:22-CV-01514, 2023 WL 5916470, at *16 (M.D. Pa. Sept. 11, 2023) (citation omitted). Accordingly, the Court shall dismiss Plaintiff's claims against Montecalvo for lack of subject matter jurisdiction.

## VIII. CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment against Montecalvo is denied, Plaintiff's motion for reconsideration is denied, and Plaintiff's motion for sanctions is denied. Progressive and Pallis's motion to dismiss is granted. Montecalvo's motion to dismiss is also granted. All remaining claims against all defendants are dismissed without prejudice. Plaintiff's motion for summary judgment is denied as moot. A separate Order will issue.

September 23, 2026
Date

/S/
Matthew J. Maddox
United States District Judge